IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LISA MICHELLE RITCHIE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-cv-432 |
| | § | |
| COLE SERVICES, INC. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant's Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay All Proceedings (Dkt. 6). As set forth below, the Court finds that it should be GRANTED.

Plaintiff Lisa Michelle Ritchie filed this suit against Cole Services, Inc., on June 29, 2015. *See* Dkt. 1. Plaintiff alleges that she was employed by Defendant Cole Services, Inc. for over two years but was discharged in September 2014. In this suit, Plaintiff makes claims of gender and pregnancy discrimination and harassment, in violation of 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 2000e(k).

Defendant has filed a motion to dismiss or stay all proceedings. Defendant argues that, on or about April 13, 2012, as a condition to her employment with Cole Services, Plaintiff signed an "Employee Acknowledgment of Receipt of Arbitration Policy and Procedures," (the "Arbitration Agreement") agreeing that Cole Services gave her a copy of its Summary of the Dispute Resolution Plan (the "Plan"), which described the exclusive forum, and methods, for resolving any disputes that arose out of her employment. The Arbitration Agreement provides:

> I understand that by continuing my employment with the Company (or by accepting future employment with the Company after receiving the Arbitration Policy and Procedures) I agree to submit to binding arbitration (under the Arbitration Policy and Procedures) any and all claims, disputes or controversies that exist now or arise later between me and the Company or between me and any Company employees, officers, partners, owners or affiliated companies, including claims, disputes and controversies arising before, during and after my employment with the Company.

Dkt. 6-2.

Defendant argues that the Arbitration Agreement is governed by the Federal Arbitration Act ("FAA") and that Plaintiff is obligated to submit any employment-related claims she wishes to pursue against Cole Services to binding arbitration. Plaintiff has filed a response arguing that she does not dispute that she signed Defendant's Arbitration Policy and Procedures but that the proper course is to abate this suit and compel mediation and arbitration of the matter.

### STANDARD

Under the Federal Arbitration Act, "[a] written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court's determination of whether a plaintiff should be compelled to arbitrate her claims against pursuant to the FAA involves a two-step inquiry. *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). First, the court considers whether the parties agreed to arbitrate the dispute in question. *Id.* This inquiry examines (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute in question falls within the scope of that agreement. *Id.* If the court finds that the parties agreed to arbitrate their dispute, it then

considers whether any external legal constraints preclude arbitration of the plaintiff's claims. *Id.* If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed.2d 158 (1985) (The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (*citing* 9 U.S.C. §§ 3–4).

## ANALYSIS

Here, Plaintiff has not alleged any grounds to revoke the Arbitration Agreement or the Plan or otherwise argued why they do not govern her claims against Defendant. Indeed, Plaintiff acknowledges that she signed the agreement and seeks to invoke its mediation and arbitration provisions.[1] The Court therefore finds that the first prong is satisfied.

The only dispute between the parties appears to be whether the case should be dismissed or stayed. In her response to the motion to compel and dismiss or stay, Plaintiff argues that the Court should stay this suit rather than dismiss it.

Under the FAA, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the Court in which a suit is pending] shall on

---

[1]The Court notes that Defendant's Dispute Resolution Plan Provides that Defendant and its employees agree "to resolve their Disputes without resorting to suing one another in a court of law." Dkt. 6-3 at 3. According to the Plan, the parties agree to first mediate the case and, if mediation fails, their dispute will be resolved through a binding arbitration. *See* Dkt. 6-3 at 4-7. It does not appear the parties have participated in mediation yet, but such has no bearing on the Court's analysis here.

application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...." 9 U.S.C. § 3. A district court may dismiss, with prejudice, rather than stay, an action where all the issues are properly subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n. 1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164).

Plaintiff has provided no argument or authority to show why the facts of this case warrant a stay rather than dismissal. Indeed, Plaintiff cites to only one case in support of her argument that the case should be stayed rather than dismissed. *See* Dkt. 7 at 1. That case does not address such a determination but instead generally addresses when a court can compel arbitration. *See Dealer Computer Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884 (5th Cir. 2009).

Without any authority to the contrary and having considered the record before it, the Court finds that all issues here are subject to arbitration. The Plan's Arbitration Policy and Procedures provides that claims that are subject to the arbitration agreement include:

> claims for wages or other compensation; claims for breach of any contract, covenant or warranty (express or implied); tort claims...; negligence, negligence per se and gross negligence claims; ***claims for wrongful termination (including retaliatory discharge claims); claims for harassment or discrimination (including claims based on race, sex, religion, national origin, age, medical condition or disability);*** claims for benefits under any employee welfare benefit plan or program sponsored by the Company...; claims for a violation of any other federal, state or other governmental law, statute regulation or ordinance; and any and all claims challenging the validity or enforceability of this Arbitration Policy

and Procedures (in whole or in part) or challenging the applicability of this
Arbitration Policy and Procedures to a particular dispute or claim.

Dkt. 6-3 at 6 (emphasis added).

Plaintiff's gender and pregnancy discrimination and harassment claims in this case fall squarely within the specific language and scope of the arbitration provision in the Plan. For this reason, the case should be dismissed with prejudice rather than stayed. *Alford*, 975 F.2d at 1164; *Washington v. Sears Logistics Servs., Inc.*, 2014 WL 2159253, *4 (N.D. Tex. 2014) (holding that "[w]hen a court determines that all claims are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion.").

Defendant's Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay All Proceedings (Dkt. 6) should therefore be GRANTED, all of Plaintiff's claims should be dismissed with prejudice in favor of binding arbitration, and this matter should be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140,

148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **SIGNED this 22nd day of October, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE